The opinion of the court was delivered by
Blanchard, J.
This case was before the court at a former term. See 51 La. Ann. 523, where a statement of the case and essential facts are given.
The opinion and decree then handed, down negatived the demand for ■damages growing out of the arrest of one of the plaintiffs and for the *2111 alleged trespass on their property. Also the contention that the case is one where exemplary damages should be awarded.
But expression was given to the belief that the judgment appealed from, which was in favor of the defendants, failed to mete out exact justice between the parties.
It was said that while it was considered plaintiffs’ property had been legally taken, this had been done “somewhat harshly,” and that it was the duty of the defendants, who practically represent the State, “to have saved plaintiffs thoroughly harmless under the circumstances.”
It was deemed advisable, in the interest of justice, to remand the cause, to the end of its consideration anew in the trial court on the questions, (1) as to whether when the refilling of the lots by defendants took place the work of replacement had been sufficient; (2) the extent to which the property had been damaged, if at all, by reason of restricted access to the same as the result of changes affected in one or more of the streets bordering thereon.
True, the latter of the two propositions had not been specifically set up as ground for damages in the declaration filed, but evidence touching same was received without objection, and the court, in its former opinion, thought it an issue in the ease sufficiently so to justify its inclusion in the grounds for remanding.
We are satisfied that plaintiffs take an extreme view of the injury inflicted on their property.
In iSDI, when the occurrence which gave rise to this suit took place, the Mississippi river was very high, the danger line had been reached and passed by the rise of the waters and a great flood was threatened.
The levee on the line between the Parishes of Orleans and Jefferson, running from the river back to the swamp, was depended on to protect the City of New Orleans from inundation should a break occur in the line of levees above the city and 'in its vicinity.
The protection levee was not deemed strong enough and it was determined to strengthen it and raise it. The fast rising waters created an emergency, and to meet it promp action by the Levee Board was necessary.
There was no time to take out regular expropriation proceedings, and so the officials entered upon plaintiffs’ vacant lots and excavated from the same earth needed to raise and strengthen the levee at and near that point.
Plaintiffs protested and then brought suit. While the suit was pending, and following the subsidence of the waters, defendant Levee Board *2112 caused the lots to be refilled. In other words, it replaced the earth taken from the lots with other earth.
The contention of plaintiffs is that this refilling was scant. ' The evidence satisfies us this is so.
Even the engineer of the Board, called as a witness, admits this. He says: — “I am prepared to swear to the best of my opinion and from information I was able to obtain at the time, that they (the lots) are filled as before within an inch or two.”
The Levee Board, under the circumstances, owed it to plaintiffs to refill the lots plus rather than minus.
Instead of leaving the filling scant an inch or two, it were better to have filled an inch or two higher than was the level of the ground before the entry was made.
Had this been done plaintiffs would have had no just complaint on this score. As it is they have a cause of grievance, and the. rule de minimis can be allowed no application under the circumstances.
Certain of the witnesses called by plaintiffs testify the ground is lower now by eight or nine inches than it was before the entry. But we are satisfied this is an extreme statement.
It is largely a matter of opinion and estimate, for the levels at the time of the excavation were not taken. The Levee Board was at fault in not having this done.
We are also of the opinion that some damage to the property is shown by restricted ingress to and egress from it, occasioned by works of the defendant Board.
But in saying this we are to be understood as limiting its application to this particular property because of the peculiar circumstances surrounding plaintiffs’ case.
Without going into a discussion of the evidence adduced, on the one hand in support of, on the other against, the claim for indemnification, we have arrived ut the conclusion that plaintiffs should have judgment for some amount, and giving due weight to the estimates and opinions of the witnesses, and taking into consideration the value of the property, which is about $1,000.00, we think $250.00 will suffice as adequate compensation all told.
It is, therefore, ordered and decreed that the judgment appealed from be avoided and reversed, and it is now adjudged and decreed that plaintiffs do have and recover of the defendant, the Orleans Levee Board, the sum-of two hundred and fifty dollars, with legal interest from judicial demand, and all costs of suit.